Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| DR. RAÚL A. PORRO VIZCARRA<br><br>Recurrido<br><br>V.<br><br>DOCTOR'S CENTER HOSPITAL INC.<br><br>Peticionaria | KLCE202400771 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.:<br>C DP2012-0167<br><br>Sobre:<br>Interferencia Torcitera |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de julio de 2024.

El 11 de julio de 2024, compareció ante este Tribunal de Apelaciones Doctor's Center Hospital (en adelante, parte peticionaria o Doctor's Center) mediante *Petición de Certiorari.* Por medio del cual, nos solicita que revisemos la *Resolución y Orden* emitida el 17 de mayo de 2024 y notificada el 23 de mayo de 2024, por el Tribunal de Primera Instancia, Sala Superior de Arecibo. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la solicitud de ampliar el descubrimiento de prueba y lo dio por terminado.

Por los fundamentos que se exponen a continuación, se deniega el recurso de *certiorari* al no satisfacer los criterios establecidos en la Regla 52.1 de Procedimiento Civil.

**I**

Los hechos que suscitaron la controversia de epígrafe son los que adelante se esbozan. El doctor Raúl A. Porro Vizcarra (en adelante, doctor Porro Vizcarra), la señora Lourdes Cabrera

Número Identificador

RES2024 _____

Rodríguez (en adelante, señora Cabrera Rodríguez), la Sociedad Legal de Gananciales compuesta por ambos, y DC Anesthesia PSC (en adelante, DC Anesthesia y en conjunto, parte recurrida), presentaron una *Demanda*[1] sobre incumplimiento de contrato de servicios profesionales y compensación por daños y perjuicios, interferencia torticera con una relación contractual y contrato en daño de terceros, en contra de Doctor's Center, el doctor Ricardo D. Galán Vázquez (en adelante, doctor Galán Vázquez), el doctor Adalberto López Avilés (en adelante, doctor López Avilés), Galope Anesthesia Services, Corp, Galope Anesthesia Services PSC, y otros (en conjunto, parte recurrida). Posteriormente, el 13 de diciembre de 2012, la parte recurrida presentó la *Demanda Enmendada.*

Así las cosas, el 4 de septiembre de 2013 fue celebrada la *Conferencia con Antelación a Juicio y Vista Transaccional.* El foro de primera instancia resolvió que, según acordado por las partes, se bifurcarían los procedimientos para examinar el aspecto contractual y limitar el descubrimiento a tales fines. Asimismo, les ordenó a las partes a someter en o antes de veinte (20) días, un plan de trabajo que indicara las fechas de las deposiciones y el descubrimiento de prueba que estarían utilizando.

Transcurridas varias incidencias procesales, innecesarias pormenorizar, el 21 de marzo de 2019, la primera instancia judicial emitió una *Sentencia Parcial.* Por medio de esta, determinó que Doctor's Center había incurrido en incumplimiento contractual al cancelar el *Agreement between Anesthesiologist and DCH* del 1ro de abril de 2007. Añadió que, restaba por determinarse la cuantía de los daños causados a la parte recurrida por el mencionado incumplimiento.

---

[1] Presentada el 19 de julio de 2012.

Así las cosas, el 8 de septiembre de 2023, Doctor's Center presentó la *Moción Informativa y en Solicitud de Término de Treinta (30) Días*. La anterior moción fue presentada con el propósito de solicitarle al foro primario un término de treinta (30) días para anunciar representación legal adicional, debido a que su única representación legal se encontraba con la salud comprometida y necesitaba treinta (30) días de descanso. Añadió que, una vez transcurriese el término solicitado, se estarían coordinando las deposiciones de los peritos.

El 25 de septiembre de 2023, Doctor's Center presentó la *Moción Uniéndose a Representación Legal*, donde informó que la licenciada Yesenia Medina Torres se unía a su representación legal.

Mediante *Orden* emitida el 3 de octubre de 2023, el foro de primera instancia reasignó el caso de epígrafe al Hon. Juez Santiago Cordero Osorio.

En virtud de *Orden* emitida el 6 de octubre de 2023, el Tribunal de Primera Instancia ordenó la imposición de fianza de no residente al doctor Porro Vizcarra, y expresó que se mantenía vigente la *Conferencia con Antelación a Juicio* señalada para el 7 de diciembre de 2023.

Acaecidas varias incidencias procesales, innecesarias pormenorizar, el 7 de diciembre de 2023 fue celebrada la *Conferencia con Antelación a Juicio* a la que compareció únicamente la parte peticionaria junto a su representación legal. En la aludida vista, el foro *a quo* le concedió a las partes hasta el 8 de enero de 2024 para presentar moción que informara el itinerario para la toma de deposiciones, que debían ser tomadas en o antes del 1 de marzo de 2024. De igual manera, le concedió a las partes hasta el 10 de abril de 2024 para presentar sus mociones dispositivas, para las cuales se debía presentar su correspondiente oposición en o antes del 30 de abril de 2024. Finalmente, señaló vista sobre el estado de

los procedimientos y/o vista transaccional para el 9 de mayo de 2024.

El 11 de diciembre de 2023, el Tribunal de Primera Instancia emitió la *Resolución y Orden* donde resumió y reiteró lo dispuesto en corte abierta en la *Conferencia con Antelación a Juicio*.

Subsiguientemente, la parte recurrida presentó la *Moción Solicitando Reconsideración de Orden y Solicitud de Regrabación de Vista de 7 de diciembre de 2023*. Sostuvo que, no existían razones que justificaran que el descubrimiento de prueba que había culminado el 31 de octubre de 2023 se hubiese extendido hasta el 1ro de marzo de 2024. Alegó, además, que la parte peticionaria no había realizado ninguna gestión para coordinar las deposiciones del perito. De igual forma, argumentó que, de la *Resolución y Orden* del 11 de diciembre de 2023, no quedaba claro si el foro primario había permitido prueba pericial adicional a la ya informada, y que tampoco se justificaba que se anunciara un nuevo perito en esa etapa de los procedimientos. A tales efectos, le solicitó al foro *a quo* que declarara concluido el descubrimiento de prueba efectivo el 31 de octubre de 2023 y que excluyera el anuncio de nuevos peritos, ya que había expirado el término de descubrimiento de prueba.

En respuesta, la parte peticionaria presentó la *Oposición a Moción de Reconsideración de Resolución y Orden del 11 de diciembre de 2023*. Expresó varias razones que, a su juicio, justificaban que el foro primario extendiera el descubrimiento de prueba. Sostuvo que, las alegaciones y defensas serían sostenidas con prueba pericial.

Por otro lado, la parte recurrida presentó la *Moción Reiterando Solicitud de Reconsideración de Orden*. Mientras que, la parte peticionaria presentó la *Moción Reiterando Oposición a Moción de Reconsideración*.

Finalmente, el 17 de mayo de 2024, la primera instancia judicial emitió la *Resolución y Orden* cuya revisión nos ocupa. Expresó que, emitía dicha resolución conforme lo discutido en la *Vista sobre el Estado de los Procedimientos*. Asimismo, declaró No Ha Lugar la solicitud de la parte recurrida de ampliar el descubrimiento de prueba, y lo dio por culminado.

En desacuerdo con lo resuelto, la parte peticionaria presentó la *Moción de Reconsideración de Resolución y Orden del 17 de mayo de 2024.* Esta fue declarada No Ha Lugar por el Tribunal de Primera Instancia mediante *Resolución* emitida el 11 de junio de 2024.

Aun inconforme, la parte peticionaria acudió ante este foro y esgrimió el siguiente señalamiento de error:

> Erró el TPI al revertir su determinación y no extender el descubrimiento de prueba cuando la dilación en completar el mismo no es atribuible a Doctor's Center, sino a las acciones de la parte recurrida y al desacierto procesal provocado por las órdenes del TPI.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[2].

**II**

### *El Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020)[3]. Ahora bien, tal "discreción no opera en lo abstracto. A esos

---

[2] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

[3] Véase también *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).

efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no

ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis Nuestro).
> [. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal*

*Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**III**

Como tribunal apelativo, en primer lugar, nos encontramos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado ante nos. Por ello, en el caso de autos, nos corresponde determinar en primera instancia, si el promovente del recurso ha planteado un asunto comprendido en alguna de las excepciones de la Regla 52.1, supra.  Veamos.

Como mencionáramos, la parte peticionaria nos solicita la revisión de una resolución donde el Tribunal de Primera Instancia declaró No Ha Lugar una solicitud de extender el descubrimiento de prueba y consecuentemente, lo dio por terminado. Es decir, la controversia versa sobre un asunto de descubrimiento de prueba.

A la luz de la norma jurídica antes reseñada, nos es forzoso concluir que, tal dictamen interlocutorio no se encuentra comprendido dentro de nuestro estado de derecho procesal. Por lo que, en virtud de lo dispuesto por la Regla 52.1 de Procedimiento Civil, *supra,* estamos impedidos de revisar el dictamen emitido por el foro *a quo.*

Tras evaluar detenidamente el recurso presentado por la parte peticionaria, y luego de una revisión colegimos que no procede la expedición del auto solicitado. El señalamiento de error antes

reseñado, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, la parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia[4].

**IV**

Por los fundamentos antes expuestos, se deniega el recurso de *certiorari* al no satisfacer los criterios establecidos en la Regla 52.1 de Procedimiento Civil.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*